Mr. Justice Thacher
delivered the opinion of the court.
This is a bill filed by a trustee and cestui que trust, to recover trust property, slaves in specie.
A demurrer, filed to the jurisdiction of chancery, on the ground that ample remedy existed at law, was disallowed by the vice-chancellor. The point thus raised was considered at length in Murphy v. Clark, 1 S. & M. 221, and decided in favor of the jurisdiction in chancery. So far as it may be necessary, I am inclined to adopt that opinion, and to say that the demurrer in this case was properly disallowed.
The vice-chancellor decreed also in favor of the trustee and other complainants upon the merits of the controversy. The case is not without difficulty arising from conflicting testimony, but upon the whole, the decree can be sustained by close analysis of all the facts.
Upon the point, whether Hicks, who claims as trustee, ever had any individual interest in the alleged trust property, we have the evidence of his insolvency from persons who had known him for upwards of thirty years; and although he borrowed money to purchase property, which he alleges he added to the fund, it is also seen that he repaid the borrowed sum from the proceeds and profits of the trust property. Any property thus purchased, would belong to the beneficiaries in the deed of trust. Turner v. Petigrew et al., 6 Hump. 438. The great mass of the evidence seems to exclude the supposition, that Hicks ever had any personal interest in the property.
Hicks, being authorized by the deed of trust, sold the property to Amason & Little. He insists, that this sale was subsequently rescinded and cancelled. Here also the evidence is not unanimous. The articles of agreement between Hicks and Amason & Little, together with Little’s subsequent contract to re-deliver the negro property, go very far to establish a re-sale to Hicks, or a cancellation of the original sale. Some of the evidence *86 sustains this supposition, while other portions would give a different coloring to it. But these articles of agreement show that Amason & Little were apprized, that all the power of Hicks to sell the property was limited to a sale, the proceeds whereof were to be invested for the beneficiaries in the original deed of trust. If therefore they paid for the property by re-delivering the personal liabilities of Hicks with this full knowledge, it may be questioned whether the property lost its trust character in their hands. And again, Butler, the defendant in the bill, claims by purchase from Little for cash, while Little’s obligation to Hicks was not to sell any of the negroes, unless compelled so to do to pay an execution or acceptance growing out of the contracts with Hicks.
In a cause like this, contained in a record of upwards of one hundred pages, a large portion of which is embraced by the testimony, we can give only our conclusions after a careful examination. It would be impossible to explain the reasons for the conclusions, without setting forth all the testimony, and arranging it as to each point of inquiry.
An objection was stated to the proof and registration of the deed of trust; but its execution and delivery are admitted. Both complainant and defendant claim through this deed. But this question cannot fairly arise, because Butler’s grantor being held to have had no title to the slaves, and only a bare possession, Butler could take no title from him.
Decree affirmed.
Mr. Justice Clayton concurred in the foregoing opinion.